**Anjela Sedrak HAKOBYAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–72663.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 26, 2010.

Reynold E. Finnegan, II, Esquire, Senior Counsel, Finnegan & Diba, a Law Corporation, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Peter H. Matson, Esquire, OIL, Anh–Thu P. Mai–Windle, Senior Litigation Counsel, Jeffrey Ronald Meyer, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Anjela Sedrak Hakobyan, a native and citizen of Armenia, petitions for review of

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her motion to reopen removal proceedings based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and de novo claims of due process violations in immigration proceedings. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The agency did not abuse its discretion in denying Hakobyan's motion to reopen as untimely because the motion was filed more than 6 years after the issuance of the September 10, 1999, in absentia order, *see* 8 C.F.R. § 1003.23(b)(4)(ii), and the evidence submitted with the motion to reopen failed to establish Hakobyan acted with the due diligence required to warrant tolling of the 180–day filing deadline, *see Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling is available to petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances).

Hakobyan's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.